**In the United States District Court
for the District of Kansas**

———————

Case No. 20-cr-40027-TC

———————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

NATHANIEL ALEXIS WILLIAMS,

*Defendant*

———————

## ORDER

Nathaniel Williams pled guilty to one count of possession with the intent to distribute methamphetamine. Doc. 84 at 1. Pursuant to his plea agreement, Williams was sentenced to 144 months in prison to be followed by five years of supervised release. *Id.* at 2, 3; Doc. 67 at 2, 3. Williams (again) requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he desires to gain custody of his daughter and other young family members. Doc. 122 at 1; *see also* Docs. 117 & 121 (Orders denying Williams's previous requests for a sentence reduction). Williams also seeks to alter the conditions of his supervised release. *Id.*

A term of imprisonment generally may not be modified once it has been imposed, subject to few exceptions. *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5195, 5239, Section 3582 permits a defendant to move for compassionate release only after he or she has first requested relief from the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). If the Bureau of Prisons fails to move to reduce the sentence and the defendant exhausts all administrative appeals, or if the local warden fails to act on the request within 30 days of receiving it, the defendant may move for compassionate release. *Id.*

1

This is a claim-processing rule rather than a jurisdictional requirement. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10th Cir. 2021). Thus, when a defendant fails to fully exhaust administrative remedies and the Government does not contest exhaustion, the merits of the defendant's request may be considered. *Id.* But when the Government properly invokes the exhaustion requirement, it may be enforced. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017); *see Eberhart v. United States*, 546 U.S. 12, 19 (2005) ("[C]laim-processing rules [assure] relief to a party properly raising them, but do not compel the same result if the party forfeits them."). It is a defendant's burden to show exhaustion. *Hemmelgarn*, 15 F.4th at 1030.

Williams's request is denied because he has not shown that he exhausted his administrative remedies. *See* Doc. 124 (Government's response invoking the exhaustion requirement); *see also* Docs. 117 & 121 (Orders denying for failure to exhaust). In particular, Williams's motion contains no evidence that he submitted a request for compassionate release to the warden of his facility. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10t h Cir. 2021) (finding that the defendant did not show exhaustion when he failed to demonstrate that he submitted a request to his warden). This alone is enough to deny Williams's motion. *See Hamer*, 583 U.S. at 20.

Williams's request to modify the conditions of his supervised release also fails. The statute under which Williams may request a modification of his supervised release is 18 U.S.C. § 3583(e). *United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011). Williams makes no argument under Section 3583, and it is unclear that courts may modify a term of supervised release that has not begun. *Cf.* 18 U.S.C. § 3583(e)(1) (noting that a court may "terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release*") (emphasis added). Accordingly, Williams's motion, Doc. 122, is DENIED.

It is so ordered.

Date: August 5, 2026          s/ Toby Crouse
                              Toby Crouse
                              United States District Judge

2